UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBRA L.,

                Plaintiff,

    v.

ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-6192-RSM

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

       Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is fully briefed. *See* Dkts. 17-19.

       Both sides agree that plaintiff has severe difficulties, including the severe impairments of degenerative joint disease of the right ankle, status post right ankle surgeries; obesity; bipolar disorder; major depressive disorder; and, anxiety disorder. AR 1201. Even the Commissioner concluded that after April 30, 2020, plaintiff is disabled. However, for the preceding seven years, it is unclear whether plaintiff was under a disability: The ALJ's finding at Step 5, where the ALJ

1   carries the Commissioner's burden, that plaintiff could perform three jobs in the national

2   economy despite absenteeism of once a month is based on equivocal testimony by the vocational

3   expert. Because this reliance on equivocal testimony means the ALJ's ultimate determination is

4   not based on substantial evidence, and because this error is not harmless, this matter must be

5   reversed.

6                              FACTUAL AND PROCEDURAL HISTORY

7           On March 3, 2015 and May 11, 2015, plaintiff filed applications for DIB and SSI,

8   respectively, alleging disability as of July 10, 2013, later amended via representative to

9   December 8, 2013. *See* Administrative Record, Dkt. 15, ("AR"), p. 1198-99. The applications

10  were denied upon initial administrative review and on reconsideration. *See* AR 1198. Multiple

11  hearings were held before Administrative Law Judge ("ALJ") Tom L. Morris in 2016, 2017 and

12  2018, allowing plaintiff to obtain a representative and get her evidence properly into the record.

13  *See* AR 1319-1412. In a decision dated January 31, 2018, ALJ Morris determined plaintiff to be

14  not disabled. *See* AR 1266-87. Plaintiff's request for review of ALJ Morris's decision was

15  denied by the Appeals Council, and, following a reversal and remand from the federal District

16  Court on October 21, 2019, AR 1302-13, yet another hearing was held on July 13, 2020 before

17  ALJ Glenn G. Meyers ("the ALJ"). AR 1234-65. The ALJ awarded benefits effective May 1,

18  2020, but found plaintiff not disabled for the period from December 8, 2013 to April 30, 2020,

19  *see* AR 1198-1233, making the ALJ's decision the final decision of the Commissioner of Social

20  Security ("Commissioner"). *See* AR 1198-1233; 20 C.F.R. § 404.981, § 416.1481.

21          Plaintiff's appeal revolves around the ALJ's finding that plaintiff was not disabled for the

22  period from December 8, 2013 to April 30, 2020. In her Opening Brief, plaintiff maintains the

23  ALJ erred by: (1) failing to bear the burden of establishing that there are jobs existing in

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

significant numbers in the economy from December 8, 2013 to April 30, 2020 that plaintiff could

have performed; (2) rejecting the medical opinion evidence from Dr. Pierce and the opinion of

Ms. Anita LaRae, MS, MEd, LMHC; and, (3) failing to give germane reasons for rejecting

plaintiff's statements. Open, Dkt. 17, p. 1. Defendant contends there is no harmful legal error.

Defendant's Response Brief, ("Response"), Dkt. 18.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

<u>DISCUSSION</u>

**I.      Whether the ALJ failed to bear the burden of establishing that there are jobs existing in significant numbers in the economy in December 8, 2013 to April 30, 2020 that plaintiff could have performed.**

Plaintiff contends that the ALJ erred by failing to bear the burden of establishing that

there are jobs existing in significant numbers in the economy from December 8, 2013 to April

30, 2020 that plaintiff could have performed. Open, Dkt. 17, p. 1. Defendant contends there is no

harmful legal error. Response, Dkt. 18.

If an ALJ reaches the final step in the sequential analysis, the burden shifts to the

Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel*

*v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Bowen v. Yuckert*, 482 U.S. 137, 140, 146

n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.

1995). The ALJ's Step 5 finding, like all findings under review by this Court, must be supported

by substantial evidence in the overall record to be affirmed. *See Bayliss*, *supra*, 427 F.3d at 1214

n.1 (*citing Tidwell*, 161 F.3d at 601). Substantial evidence means more than a mere scintilla but

less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing*

*Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)).

Regarding inconsistencies at Step 5, the Social Security has a Ruling regarding such

matters:

> [B]efore relying on VE or VS evidence to support a disability determination
> or decision, our adjudicators must:
>     - Identify and obtain a reasonable explanation for any conflicts between
>     occupational evidence provided by VEs or VSs and information in the
>     Dictionary of Occupational Titles (DOT)… and [e]xplain in the
>     determination or decision how any conflict that has been identified was
>     resolved.

Social Security Ruling 00-4p, 2000 SSR LEXIS 8 at *1 (2000).

Although "Social Security Rulings do not have the force of law, [n]evertheless, they

constitute Social Security Administration interpretations of the statute it administers and of its

own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing*

*Paxton v. Sec. HHS*, 856 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote

omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are

plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing*

*Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45, 104 S. Ct. 2778, 81 L. Ed. 2d 694

(1984); *Paxton, supra*, 856 F.2d at 1356).

1    Here, requiring ALJs to resolve on the record inconsistencies in the final determinative

2    step at which the Administration carries the burden as it relates to relevant Vocational Expert

3    ("VE") testimony on which the ultimate determination largely relies, is not plainly erroneous or

4    inconsistent with the Act or regulations. *See id.* At Step 5, as noted by the Ninth Circuit, there

5    exist "two ways for the Commissioner to meet the burden of showing that there is other work in

6    'significant numbers' in the national economy that claimant can perform: (a) by the testimony of

7    a vocational expert, or (b) by reference to the Medical-Vocational Guidelines ['the Guidelines']."

8    *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (citations omitted). The Guidelines did not

9    cover the situation herein, as determined by the ALJ, *see* AR 1222, rendering the ALJ's reliance

10   on the VE at Step 5 determinative. *See, Tackett*, 180 F.3d at 1101.

11   Therefore, based on this record and for the reasons just stated, the Court concludes that

12   any inconsistencies regarding relevant VE testimony at Step 5 as it pertains to plaintiff's ability

13   to perform relevant jobs must be resolved by the ALJ, and any such resolution on the record

14   must be supported by substantial evidence in the record as a whole. *See id.; Bayliss*, *supra*, 427

15   F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601).

16   In this matter, at the final step, Step 5, of the sequential Social Security Disability

17   evaluation process, the ALJ found that prior to May 1, 2020, considering plaintiff's "age,

18   education, work experience, and residual functional capacity ["RFC"], there were jobs that

19   existed in significant numbers in the national economy that [she] could have performed." AR

20   1222 (*citing* 20 CFR 404.1569, 401.1569a, 416.969, and 416.969a). In making this

21   determination, the ALJ found that the direction/framework provided by the medical-vocational

22   guidelines was insufficient. *See id*. Therefore, in order to determine the effect of all of plaintiff's

23   limitations on plaintiff's ability to perform other work existing in the national economy, the ALJ

24

1    "asked the [VE] whether jobs exist in the national economy for an individual with [plaintiff's]

2    age, education, work experience, and [RFC]." AR 1223. The ALJ then relied on the testimony

3    from the VE when making the Step 5 determination that plaintiff "was capable of making a

4    successful adjustment to other work that existed in significant numbers in the national economy"

5    for the time at issue herein. *Id*.

6         When relying on the testimony from the VE at Step 5, the ALJ included the following

7    discussion in the written decision:

8         Although the Dictionary of Occupational Titles (DOT) categorizes these 3 jobs
          that the vocational expert identifies as sedentary work and the DOT does not
9         define whether these jobs would allow for off-task time of 15% at work and
          absence from work at one time per month, the [VE] testifies that, based on her
10        education, professional experience, and training, the 3 sedentary jobs that she
          identifies would accommodate an individual with [plaintiff's] [RFC] and
11        vocational factors. The deviation is resolved in the conflict is therefore harmless.
          Apart from what as noted above, the vocational expert's testimony is consistent
12        with that in the DOT.

13

14   AR 1223. Whether these findings are based on substantial evidence determines this matter.

15        As discussed herein, *see infra*, the Court concludes that two of the ALJ's findings are

16   without substantial evidence and are not based on sufficient relevant evidence as a reasonable

17   mind might accept as adequate to support a conclusion. *See Andrews v. Shalala*, 53 F.3d 1035,

18   1039 (9th Cir. 1995) (*citing Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)). The two

19   findings failing this test are (1) the VE testifies that the jobs she identifies "would accommodate

20   an individual with [plaintiff's] [RFC] and vocational factors[; and, (2) the] deviation is resolved

21   and the conflict is therefore harmless." AR 1223. Because these findings are not supported by

22   substantial evidence, this matter must be reversed.

23        The question presented to the Court regarding the adequacy of the ALJ's Step 5

24   determination is whether the ALJ's finding that the jobs identified by the VE "would

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1    accommodate an individual with [plaintiff's] [RFC] and vocational factors" is based on

2    substantial evidence. At plaintiff's Administrative hearing, the ALJ presented to the VE a

3    hypothetical individual with plaintiff's vocational factors and her RFC, as the RFC was

4    determined by the ALJ in the written decision. AR 1262. After adopting the VE's testimony that

5    such an individual would be unable to do plaintiff's past relevant work into the written decision

6    at Step 4, the ALJ asked the VE if the hypothetical individual with plaintiff's RFC and

7    vocational factors could perform any other work existing in the national economy. AR 1263. The

8    VE testified that such a hypothetical individual would have been able to perform three specific

9    jobs. *See id.* The ALJ asked the VE if there was any inconsistency between the identified jobs

10   being ones such an individual could perform and the information in the Dictionary of

11   Occupational Titles ("DOT"), regarding what such an individual could perform, and the VE

12   answered in the affirmative, further specifying that the VE used her own "education, experience

13   and training [when addressing] the questions regarding the interaction with co-workers or

14   supervisors as well as the off task behavior and absenteeism." AR 1263.

15        The Court notes here that the ALJ satisfied one part of the duty regarding inconsistencies

16   between the DOT and the VE's testimony regarding identified jobs. According to the Ninth

17   Circuit, an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a

18   particular job without first inquiring whether or not the testimony conflicts with the Dictionary of

19   Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (*citing*

20   Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8). However, the Ninth Circuit

21   court also referenced the fact that "SSR 00–4p . . . . provides that the adjudicator "*will* ask" the

22   vocational expert 'if the evidence he or she has provided' is consistent with the *Dictionary of*

23   *Occupational Titles* and obtain a reasonable explanation for any apparent conflict." *Id.* at 1152-

24

1  53 (footnote omitted). Here, the relevant inquiry becomes did the ALJ obtain "a reasonable

2  explanation for [the] apparent conflict." *See id*.

3          After the ALJ elicited relevant testimony from the VE upon which the ALJ relied in his

4  written decision, plaintiff's attorney asked the VE specifically about the testimony about one

5  being able to maintain competitive employment with plaintiff's RFC, specifically, her limitation

6  to being "absent from work one time per month." AR 1264; *see also* AR 1262 ("who will be

7  absent from work one time per month  . . ."). Regarding such absenteeism, the VE testified that

8  "Chronic absenteeism is a problem in any work usually, however, an employer can typically

9  tolerate one time per month or one time every other month without termination of employment."

10  AR 1264. This response is inconsistent with the previous unequivocal testimony by the VE that

11  one with absenteeism of one time per month could maintain competitive employment in the three

12  identified jobs. Compare *id.* with AR 1263. As argued by plaintiff, the "vocational expert

13  testified that some employers will tolerate one day of absenteeism per month but that others, if

14  absenteeism will be persistent, will tolerate absenteeism only one day every other month." Open,

15  Dkt. 17, p. 3 (*citing* AR 1264). Indeed, this portion of the VE's testimony clearly indicates that

16  some employers will not tolerate the absenteeism the ALJ found that plaintiff suffered from as

17  reflected in plaintiff's RFC. The Court therefore finds persuasive plaintiff's argument that the

18  VE "did not provide job numbers for how many of the jobs she named would accept one day a

19  month of absenteeism and how many would not[:] Therefore, the ALJ has not met his burden of

20  establishing jobs existing in significant numbers in the economy." *Id*.

21          The Court does not find persuasive defendant's counter argument that "the VE's

22  testimony, including the job numbers provided, was in response to a hypothetical individual who

23  would specifically be absent once per month." Response, Dkt. 18, pp. 3-4. This would entail

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1   giving no credence to the same VE's subsequent testimony that her earlier testimony applied

2   only to some employers. *See* AR 1264. The Court is not persuaded that the ALJ met his burden

3   to clarify the inconsistency by relying on VE testimony that was internally inconsistent. *See* AR

4   1263-64. The ALJ's reliance on one portion of the VE testimony, while ignoring this other

5   portion, provided minutes later, is not such relevant evidence as a reasonable mind might accept

6   as adequate to support a conclusion. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9ᵗʰ Cir. 1995)

7   (*citing Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)).

8          Based on the relevant record, the Court concludes that, when confronted with a conflict

9   between the DOT and the VE's testimony regarding jobs one with plaintiff's RFC and vocational

10  history could perform, the ALJ failed adequately to "obtain a reasonable explanation for any

11  apparent conflict." *Massachi*, *supra*, 486 F.3d at 1152-53 (*citing* Social Security Ruling, SSR 00-

12  4p, available at 2000 SSR LEXIS 8) (footnote omitted).

13         Defendant also argues "even assuming *arguendo* that only half of the employers would

14  tolerate only one absence every other month, over 35,000 national jobs would remain, which is

15  significant in the Ninth Circuit." Response, Dkt. 18, p. 4. However, regarding defendant's

16  translation of the VE's equivocal testimony into a specific number of "half of the employers,"

17  the Court finds persuasive plaintiff's argument "this number was created by [] defendant out of

18  thin air and does not correspond to any objective sourcing or finding." Reply, Dkt. 18, p. 2.

19  Indeed, the Court notes that there is no reflection in the record of how many employers would

20  tolerate one day per month of absenteeism versus one day every other month. *See* AR 1264. On

21  the contrary, and as noted by plaintiff, "the VE specifically stated that chronic absenteeism is a

22  problem in <u>ANY</u> work, therefore there is no reason whatsoever to assume that half of the

23  employers would tolerate a day per month of absenteeism." Reply, Dkt. 19, p. 2.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1    At Step 5, the ALJ carries the burden to demonstrate that there are significant jobs in the

2    national economy that a claimant could have performed when finding that said claimant

3    therefore was not under a disability. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see*

4    *also Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If

5    the ALJ relies on VE testimony at step 5, and the VE's testimony is inconsistent with the DOT,

6    the ALJ must "obtain a reasonable explanation for any apparent conflict." *Massachi*, *supra,* 486

7    F.3d at 1152-53 (*citing* Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8)

8    (footnote omitted). Here, based on a review of the record as a whole, as discussed above, *see*

9    *supra*, the Court concludes that the ALJ did not obtain a reasonable explanation for the conflict

10   between the VE's testimony and the DOT that given plaintiff's absenteeism of one day per

11   month there were jobs in the national economy that she could have performed in significant

12   numbers. The Court concludes that the ALJ failed to meet the Commissioner's burden at Step 5.

13   The ALJ's finding that plaintiff can perform all three of those jobs and that significant number of

14   them are not eroded by her absenteeism is not based on such relevant evidence as a reasonable

15   mind might accept as adequate to support a conclusion. *See Andrews v. Shalala*, 53 F.3d 1035,

16   1039 (9ᵗʰ Cir. 1995) (*citing Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)).

17   **II.    Whether the ALJ's error is harmless.**

18   The Ninth Circuit has "long recognized that harmless error principles apply in the Social

19   Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. v.*

20   *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is

21   "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, 674 F.3d at 1117

22   (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

23

24

1    Here, the Court has concluded that the ALJ erred by failing to resolve an inconsistency

2    between the VE's testimony and the DOT regarding whether plaintiff could perform work

3    existing in significant numbers in the national economy given her absenteeism of once per

4    month, *see supra*, Section I. As noted previously, regarding such absenteeism, the VE testified

5    that "Chronic absenteeism is a problem in any work usually, however, an employer can typically

6    tolerate one time per month or one time every other month without termination of employment."

7    AR 1264. The "or" makes the ALJ's implied finding that a significant number of employers

8    would tolerate one time per month versus one time every other month an independent finding by

9    the ALJ not based on any testimony from the VE and not based on the DOT. Therefore, the

10   ALJ's finding at Step 5 is not based on substantial evidence, as found in Section I. In addition, it

11   reflects that based on the current record, the factual situation just as easily could be that when

12   only counting the number of employers who would tolerate one time per month of absenteeism,

13   there would not have been a significant number of jobs that plaintiff could have performed

14   during the relevant period of time. Such factual situation would render plaintiff disabled for her

15   entire claimed period and demonstrates that the error is not harmless. Therefore, this matter must

16   be reversed and remanded for further administrative consideration.

17

18   **III.    Whether the ALJ erred when reviewing medical opinion evidence from Dr. Wendy Pierce, MD and the opinion of Anita LaRae, MS, MEd, LMHC.**

19       The Court already has concluded that the ALJ erred at Step 5 and that this matter should

20   be reversed and remanded for further consideration, *see supra*, Sections I and II. In addition,

21   some of plaintiff's arguments regarding medical evidence and the other evidence provided from

22   Ms. LaRae are persuasive. *See* Open, Dkt. 17, pp. 13-14. For example, plaintiff's argument that

23   the ALJ failed to explain adequately the rejection of the opinion from Dr. Pierce that plaintiff

24

only could work half-time is persuasive. *See id.* at 13. Despite the relatively detailed and thorough summary of the evidence, the rejection of this specific opinion appears to be based on the ALJ's differing interpretation of the medical evidence from the treating physician who gathered much of that evidence. *See* AR 1215. Therefore, the medical evidence noted should be assessed anew following remand.

## IV.   Whether the ALJ erred by failing to give appropriate rationale for failing to credit fully plaintiff's allegations.

The Court already has concluded that the ALJ commit harmful error at Step 5, *see supra*, Sections I and II; that some of the medical evidence should be reviewed anew, *see supra*, Section III; and, that this matter should be reversed and remanded for further consideration, *see supra*, Sections I-II. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

## V.   Should this Court reverse with a direction to award benefits or for further Administrative proceedings

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

Plaintiff has made little effort to convince the Court that this matter should be remanded with a direction to award benefits. *See* Open, Dkt. 17, p. 14 ("If benefits are not paid outright this

1  case should be remanded for a *de novo* hearing").  As part of the test for remanding for benefits,

2  after determining the presence of a harmful error, the Court turns "to the question whether

3  further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*,

4  775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). According to the Ninth Circuit, "[in]

5  evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or

6  gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is

7  clear under the applicable legal rules. *Id.*

8          Here, the Court concludes that the record is not free from ambiguities, all factual issues

9  have not been resolved, and plaintiff's entitlement to benefits for the period prior to April 30,

10  2020, is not clear given the applicable legal rules. *See id*. As discussed, *see supra*, Sections I and

11  II, it is not clear if plaintiff could have performed the jobs identified by the VE at Step 5, nor is it

12  clear that the RFC captures all of plaintiff's limitations, *see supra*, Sections III and IV.

13  Therefore, this matter shall be reversed and remanded for further administrative proceedings, not

14  with a direction from this Court to award benefits.

15

16

17

18

19

20

21

22

23

24

1

<u>CONCLUSION</u>

2    Based on the foregoing reasons, the Court hereby concludes the ALJ improperly

3 concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is

4 reversed and this matter is remanded for further administrative proceedings in accordance with

5 the findings contained herein.

6

7    Dated this 22nd day of July, 2021.

8

9

10

RICARDO S. MARTINEZ

11    CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 14